IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

LILIANA SOSA,

    Plaintiff,

    v.                                                                            No.:  1:20-CV-232 WJ/LF

FLINTCO, LLC,
JOE STROBBE, and
ROY GUNTHER,

    Defendants.

## MEMORANDUM OPINION AND ORDER DENYING WITHOUT PREJUDICE DEFENDANT ROY GUNTHER'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND REFERRING TO MAGISTRATE JUDGE FOR JURISDICTIONAL DISCOVERY

THIS MATTER is before the Court on Defendant Roy Gunther's Motion to Dismiss for Lack of Personal Jurisdiction **(Doc. 12)**.  The Court, having reviewed the Parties' briefing and considered the applicable law, concludes that the Court lacks sufficient information to decide this matter at this time.  Therefore, the Motion is **DENIED WITHOUT PREJUDICE** and **REFERRED** to the Magistrate Judge for further proceedings consistent with this Order.

### BACKGROUND

This is an employment case arising out alleged harassment of Plaintiff, former office manager for Defendant Flintco, LLC ("Flintco").  (Compl., Doc. 1-2.)  Plaintiff alleges that she was subjected to harassment by a co-worker, Defendant Joe Strobbe.  Plaintiff contends that she reported this harassment to Defendant Roy Gunther, Vice President of Alberici, although it is unclear from the face of Plaintiff's Complaint the relationship between her employer, Flincto, and Roy Gunther/Alberici.  Plaintiff alleges that not only did Gunther fail to take any action in response

to her report of harassment, but that he also sexually harassed Plaintiff. Plaintiff alleges that she rebuffed Gunther's alleged advances and was, one month later, given a negative performance review by Gunther. Two months after that review, Plaintiff was terminated from Flintco. The reason given to Plaintiff for her termination was budget cuts; however, Plaintiff alleges that no other employees were terminated due to budget cuts.

Defendant Gunther now moves to dismiss the claims against him for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). (Doc. 12.) Gunther alleges that he is not, and has never been, a resident or citizen of New Mexico. Gunther contends that the allegations in the Complaint are related to a brewery construction project in Mexicali, Baja California, Mexico (the "Mexicali Project"). He explains that Flintco, Plaintiff's employer, and Alberici are related companies which were jointly involved in Mexicali Project. (Gunther Decl., Doc. 12-1, ¶ 8.) Gunther avers that he is not, and has never been, an employee of Flintco, but admits that he had some general supervisory responsibilities over Flintco employees, (*id.*, ¶ 9), although he states that he never supervised Flintco employees for projects in New Mexico. He further admits that he participated in an "informal meeting in Mexicali with [Plaintiff] and a human resources representative for the Mexicali project regarding complaints from others about [Plaintiff's] performance" and that he drafted a written performance evaluation of Plaintiff's work. (*Id.*, ¶¶ 15–16.) He contends that this review was "generally positive."(*Id.*, ¶ 16.) Additionally, Gunther states that with the exception of one business trip to Hobbs, New Mexico unrelated to the Mexicali Project, he has never visited New Mexico for business or any other purpose.

**DISCUSSION**

**I.     Legal Standard**

To establish personal jurisdiction over an out-of-state defendant, the plaintiff must show that jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment. *Dental Dynamics, Ltd. Liab. Co. v. Jolly Dental Grp., Ltd. Liab. Co.*, 946 F.3d 1223, 1228 (10th Cir. 2020). "In New Mexico, a federal court has personal jurisdiction over a nonresident defendant only to the extent that the state's long-arm statute permits." *Strobel v. Rusch*, 364 F. Supp. 3d 1270, 1278 (D.N.M. 2019) (citing *Fid. & Cas. Co. v. Phila. Resins Corp.*, 766 F.2d 440, 442 (10th Cir. 1985)). Due process requires that the defendant "purposefully established minimum contacts within the forum State" and that the "assertion of personal jurisdiction would comport with 'fair play and substantial justice.'" *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985)). While Plaintiff bears the burden of establishing personal jurisdiction, the burden is not an exceedingly high one; Plaintiff need only make a prima facie showing. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996).

New Mexico permits the exercise of personal jurisdiction based on agency theory. *See Campos Enters. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 18, 125 N.M. 691, 964 P.2d 855 (citing NMSA 1978, § 38-1-16(A)); *see also Fireman's Fund Ins. Co. v. Thyssen Mining Constr. of Can.*, 703 F.3d 488 (10th Cir. 2012). "[T]he manner in which the parties designate a relationship is not controlling, and if an act done by one person on behalf of another is in its essential nature one of agency, the one is the agent of the other, notwithstanding he is not so called." *Chevron Oil Co. v. Sutton*, 1973-NMSC-111, ¶ 4, 85 N.M. 679, 515 P.2d 1283 (citing *Board of Trade v.*

*Hammond Elevator Co.*, 198 U.S. 424 (1904)).  Accordingly, personal jurisdiction based on agency is a "fact intensive question" that requires the Court to determine whether or not an agency relationship existed.  *Mohon v. Agentra LLC*, 400 F. Supp. 3d 1189 (D.N.M. 2019).  When an inquiry is fact intensive, as with personal jurisdiction, jurisdictional discovery may be warranted.  The Tenth Circuit looks favorably on jurisdictional discovery, and has held that "refusal to grant [jurisdictional] discovery constitutes an abuse of discretion if the denial results in prejudice to a litigant."  *Sizova v. Nat'l Inst. of Standards & Tech.*, 282 F.3d 1320, 1326 (10th Cir. 2002) (internal citations omitted).  "Prejudice is present where pertinent facts bearing on the question of jurisdiction are controverted or where a more satisfactory showing of the facts is necessary."  *Id.* (internal quotation marks, alteration, and citation omitted).

## II. Defendant's Motion is Denied Without Prejudice; the Court Will Allow Jurisdictional Discovery.

The basic premise of Gunther's motion is that he has "no meaningful contacts, ties, or relations to New Mexico that would give rise to the exercise of personal jurisdiction by this Court." (Doc. 12 at 4.)  But, Gunther contends, even if Plaintiff could establish sufficient minimum contacts to support personal jurisdiction, traditional notions of fair play and substantial justice preclude this Court's exercise of jurisdiction. (*Id.* at 7, 9.)  In response, Plaintiff does not attempt to contrive sufficient minimum contacts.  Rather, Plaintiff counters that the allegations in her Complaint, in combination with Gunther's own averments, demonstrate that an agency relationship existed between Flintco and Gunther regarding the events underlying this suit. (Doc. 22 at 1.)  Because agency can serve as the basis for jurisdiction, Plaintiff contends personal jurisdictional exists here.  Plaintiff further argues that, at the very least, there is a factual dispute as to the existence of an agency relationship and, as such, the Court should allow jurisdictional discovery. (*Id.*)  In his reply, Gunther does not dispute that agency relationships can form the basis

4

of jurisdiction, but instead attempts to distinguish the cases cited by Plaintiff from the facts here. (Doc. 25 at 5–7.)

Gunther argues, correctly, that the allegations in Plaintiff's Complaint must be accepted as true only to the extent they are uncontroverted by his affidavit. (Doc. 25 at 2 (citing *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995).) But Gunther's declaration does not provide the refuge he seeks, because nothing in it rebuts the notion that an agency relationship existed between himself and Flintco; in fact, Gunther's own declarations suggest the opposite conclusion. First, there is no dispute that Gunther attended a meeting with Plaintiff and a human resources representative regarding Plaintiff's performance on the Mexicali project. Second, the Parties agree that Gunther maintained some measure of supervisory control over Flintco employees. Finally, there is no dispute that Gunther gave Plaintiff a performance review in connection with her work on the Mexicali project. The Court is of the view that these facts, at least potentially, could be indicative of an agency relationship.

Additionally, in his reply, Gunther cites to his declaration under oath that he was "not involved in Flintco's hiring or termination of [Plaintiff]." (Doc. 25 at 4 (citing Gunther Decl., ¶ 14).) Thus, he argues, he has successfully rebutted Plaintiff's theory of agency. However, whether Gunther was or was not in fact involved is a key factual dispute in this case, one which cannot be resolved by Gunther simply denying Plaintiff's allegation. Plaintiff alleges that shortly after Gunther's performance review she was fired. (Compl., ¶¶ 21–22.) The Tenth Circuit has held that these type of allegations may allow for the inference of retaliatory motive. *See Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1179 (10th Cir. 1999). Because factual disputes at this stage are resolved in Plaintiff's favor, *Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 903 (10th Cir. 2017), Gunther's denial of involvement in her termination, sworn or not, is unavailing.

Gunther repeatedly argues that Plaintiff's allegations are "not enough" or are "insufficient to demonstrate" agency.  However, Plaintiff's burden at the jurisdiction stage is a light one. *Intercon, Inc. v. Bell Atl. Internet Sols., Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (internal citation omitted).  Still, the Court is hesitant to find, as a matter of law, an agency relationship between Defendants Flintco and Gunther without more detailed information.  Put another way, the Court is not convinced that it has possession of enough facts to make a reasoned decision with regard to jurisdiction.  Accordingly, Gunther's Motion is **DENIED WITHOUT PREJUDICE** and the Court **GRANTS** Plaintiff's request for jurisdictional discovery.  This matter is therefore **REFERRED** to the assigned Magistrate Judge to determine the scope of and deadlines for jurisdictional discovery, including a schedule for new briefing.

**IT IS SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE