# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

LILIANA SOSA,

       Plaintiff,

       v.                                                   Civ. No. 20-00232 WJ/LF

vs.

FLINTCO, LLC, JOE STROBBE,
and ROY GUNTHER,

       Defendants.

## MEMORANDUM OPINION AND ORDER
## GRANTING DEFENDANT GUNTHER'S MOTION TO DISMISS
## FOR LACK OF PERSONAL JURISDICTION

THIS MATTER comes before the Court upon a Motion to Dismiss for Lack of Personal Jurisdiction filed on October 20, 2020 **(Doc. 40)** by Defendant Roy Gunther ("Gunther" or "Defendant"). Having reviewed the parties' briefing and the applicable law, the Court finds that Defendant's motion is well-taken and, therefore, is granted.

## BACKGROUND

This is an employment discrimination case, which was filed in the Second Judicial District Court of the State of New Mexico, County of Bernalillo on December 19, 2019 and removed to federal court on March 13, 2020 on the basis of diversity under 28 U.S.C. §1332 **(Doc. 1)**.[1]

---

[1] Notwithstanding the fact that Flintco, LLC has a presence in New Mexico, the company is still considered a diverse party for jurisdictional purposes. Flintco, LLC is a construction company based in Tulsa, Oklahoma and organized under the laws of the State of Oklahoma. Its sole member is AIH Flintco Holdings, LLC, also a limited liability company, organized under the laws of the State of Missouri with its principal place of business in St. Louis, Missouri. In turn, the sole member of AIH Flintco Holdings, LLC is Aberici Corporation. Alberici Corporation is

Plaintiff began working for Flintco, LLC ("Flintco") on April 7, 2014, as an Office Manager at Flintco's office located in Albuquerque, New Mexico. She alleges that she was harassed on the basis of sex and/or gender by a co-worker, Defendant Joe Strobbe ("Strobbe") was the General Manager for the Southwest Region of Flintco.  Strobbe allegedly informed other co-workers that Plaintiff was lesbian; yelled at her in front of her peers; and allegedly was not responsive to Plaintiff regarding work-related matters.  In November 2016, Plaintiff filed a complaint of harassment with Roy Gunther, Vice President of the Southern Division of the company, but no action was taken in response to her complaint.

Instead, Plaintiff claims that shortly after filing her complaint of harassment, she was sexually harassed by Defendant Gunther ("Gunther") when he asked her to sleep with him in March 2017 and told other employees that he was romantically interested in Plaintiff.  Gunther told Plaintiff that if she relented to his unlawful advances, he would "take care of" Plaintiff in the company and "no one else would bother Plaintiff."  Doc. 1-2, ¶¶18-19.  Plaintiff rebuffed Gunter's sexual advances and in April 2017, was given a negative performance review by him in retaliation for opposing his unwelcome sexual advances.  Plaintiff alleges that she was unlawfully terminated on June 2, 2017, Plaintiff's employment, in retaliation for her complaints of sexual harassment, by Larry Cheatham, Vice President of employment at Flintco, using the pretext of budget cuts.

Defendants' position is that Ms. Sosa's sexual orientation was common knowledge within Flintco's Albuquerque office, and that Plaintiff first informed Flintco about alleged sexual

---

incorporated in the State of Missouri with its principal place of business in St. Louis, Missouri.  *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) (the citizenship of limited liability companies is determined by the citizenship of their members and not their principal place of business).  Defendant Strobbe is currently a resident of Bernalillo County, New Mexico but was domiciled in the State of Arizona when Plaintiff commenced this action. Defendant Gunther is currently a resident of St. Louis, Missouri, but was a resident of Michigan during the relevant time period.  Doc. 1 at 3, ¶¶7-8; Doc. 1-2 at 1-2; Doc. 40 at 2.

harassment after receiving her separation papers and severance package. Defendants also contend that Plaintiff was terminated as part of a reduction in force that took place within the company between May and August 2017 when Flintco separated ten other employees. *See* Doc. 41-3.

> The Complaint contains five counts, all state-law claims:
>
> Count I against Flintco: Violations of the New Mexico Human Rights Act ("NMHRA"), NMSA § 28-1-1 et seq - § 28-1-7 based on discrimination and retaliation;
>
> Count II against Flintco: Breach of Implied Contract
>
> Count III against all Defendants: Negligence
>
> Count IV against Flintco: Negligent Hiring, Supervision, Retention and Training; and
>
> Count V: Common Law Retaliation

Defendant Gunther filed a previous Motion to Dismiss for Lack of Personal Jurisdiction, which was denied without prejudice. Doc. 27. In that motion, Defendant argued that he has "no meaningful contacts, ties, or relations to New Mexico that would give rise to the exercise of personal jurisdiction by this Court." Doc. 27 at 4. Plaintiff argued that at the very least, there was a factual dispute as to the existence of an agency relationship and that the Court should allow jurisdictional discovery. Because the Court was hesitant to find, as a matter of law, the existence of an agency relationship between Defendants Flintco and Gunther without more detailed information, the Court denied Gunther's motion to dismiss without prejudice and referred the matter to the assigned Magistrate Judge to determine the scope and deadlines for jurisdictional discovery, including a schedule for new briefing. Doc. 27 at 26-27. The instant motion is Defendant's a renewed request for dismissal based on a lack of personal jurisdiction following jurisdictional discovery.

Defendant urges the Court to dismiss him from this case pursuant to Fed.R.Civ.P12(b)(2). He contends that he lacks sufficient minimum contacts with the State of New Mexico to establish personal jurisdiction in this forum and similarly, that there is no evidence of an agency theory that would satisfy the minimum contacts requirement for personal jurisdiction.

I.  **Background Facts**

During the relevant time period, when Plaintiff was employed by Flintco, Gunther was employed by Alberici Constructors, Inc.("ACI")—which is a sister company to Flintco—and was working on a brewery construction project referred to as the "Constellation project" in Mexicali, Mexico.[2]  The Constellation project was a joint venture between ACI and Gilbane Building Co. (an unrelated entity), collectively known as the Gilbane Alberici Joint Venture, or "GAJV." This project started in August 2016 and lasted through Plaintiff's termination in June 2017.  At times, Flintco would assign its employees to support its sister company ACI in the GAJV.  In September 2016, Ms. Sosa was assigned to work on the GAJV in Mexico and so her work overlapped with the work Gunther was doing for ACI during that time until she was terminated in June 2017.  GAJV involved two construction management contracts with the client, Constellation Brands, Inc.: (1) a Construction Management as Agent ("CMA") agreement, under which GAJV assisted the client with project management from the client's perspective and (2) a Construction Management at Risk ("CMR") contract, under which GAJV was responsible for managing contractors and subcontractors.  Mr. Gunther worked for GAJV on behalf of the client under the CMA agreement and Ms. Sosa worked for GAJV under the CMR contract. Thus, Plaintiff and Gunther both worked under the same joint venture project, but under separate management contracts.

---

[2] ACI was wholly owned by Alberici Group, LLC, which in turn was wholly owned by the Alberici Corporation. Flintco, is a wholly owned subsidiary of AIH Flintco, LLC, which in turn is wholly owned by the Alberici Corporation. *See* Doc. 40-2 at 4.

## II.     General Law on Personal Jurisdiction

A motion to dismiss is an appropriate procedural vehicle for resolving personal jurisdiction and venue issues. See Fed.R.Civ.P. 12(b)(2) & (3). Affidavits, depositions, answers to interrogatories, and similar evidentiary matter may be presented and are freely considered on a motion attacking jurisdiction. *See Sunwest Silver, Inv., v. Int'l Connection, Inc.*, 4 F.Supp.2d 1284, 1285 (D.N.M. 1998). Federal courts sitting in diversity have personal jurisdiction over nonresident defendants to the extent permitted by the law of the forum. *Benally v. Amon Carter Museum of Western Art*, 858 F.2d 618, 621 (10th Cir. 1988) (citations omitted).

A plaintiff seeking the court's exercise of personal jurisdiction over a nonresident defendant must make two showings: first, that the exercise of jurisdiction is within the state's long-arm statute; and second, that it comports with the due process requirements of the Fourteenth Amendment. *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011). As to the first showing, New Mexico's long-arm "statute extends the jurisdictional reach of New Mexico courts as far as constitutionally permissible." *Tercero v. Roman Catholic Diocese*, 2002-NMSC-018, ¶ 6, 132 N.M. 312, 316, 48 P.3d 50, 54. Thus, the Court here need only conduct a due process analysis. *See Marcus Food* at 1166.

The Due Process Clause authorizes personal jurisdiction where (1) a defendant has purposefully established minimum contacts within the forum state, and (2) where the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. *See Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1229 (10th Cir. 2020). As to the first element, Plaintiff must establish that Mr. Gunther has "minimum contacts with the forum state, demonstrating that he purposefully availed himself of the protections or benefits of the state's laws and should reasonably anticipate being haled into court there." *Marcus Food* at

5

1166 (internal quotations and citations omitted). The application of this rule will vary with the quality and nature of the defendant's activity, "but in each case there must be some act by which the defendant purposefully avails himself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958).

Personal jurisdiction may be exercised through either general jurisdiction or specific jurisdiction. A defendant is subject to general jurisdiction in a forum state only if his contacts with that state are so continuous and systematic that the person is essentially at home in the state. *See Old Republic Ins. Co. v. Cont'l Motors, Inc.*, 877 F.3d 895, 904 (10th Cir. 2017). Where "general jurisdiction" is lacking, a plaintiff must establish grounds for specific personal jurisdiction. Courts may exercise specific jurisdiction in cases that "arise out of or relate" to those activities. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 455 (10th Cir. 1996). For specific jurisdiction, courts look only to the contact out of which the cause of action arises. *Shrader v. Biddinger*, 633 F.3d 1235, 1243 (10th Cir. 2011).

While Plaintiff bears the burden of establishing personal jurisdiction, the burden is not an exceedingly high one; Plaintiff need only make a prima facie showing. *Kuenzle v. HTM Sport-Und Freizeitgerate AG*, 102 F.3d 453, 456 (10th Cir. 1996).

## DISCUSSION

The Court need not pass on whether general jurisdiction exists here because there is no evidence of continuous and systematic contacts within this state and thus the analysis will focus on whether specific jurisdiction exists. Plaintiff's argument is premised solely on the existence of an agency theory in that Flintco acted as Mr. Gunter's agent when it terminated Plaintiff's employment.

**I.        Plaintiff's Reliance on Agency Theory of Personal Jurisdiction**

New Mexico permits the exercise of personal jurisdiction based on agency theory. *See Campos Enters. v. Edwin K. Williams & Co.*, 1998-NMCA-131, ¶ 18, 125 N.M. 691, 964 P.2d 855 (citing NMSA 1978, § 38-1-16(A)).[3] The manner in which the parties designate a relationship is not controlling, and if an act done by one person on behalf of another is in its essential nature one of agency, the one is the agent of the other, notwithstanding he is not so called." *Chevron Oil Co. v. Sutton*, 1973-NMSC-111, ¶ 4, 85 N.M. 679, 515 P.2d 1283 (citing *Board of Trade v. Hammond Elevator Co.*, 198 U.S. 424 (1904)).

Personal jurisdiction based on agency is a "fact intensive question" that requires the Court to determine whether or not an agency relationship existed. *Mohon v. Agentra LLC*, 400 F. Supp. 3d 1189 (D.N.M. 2019). New Mexico's long-arm statute provides that the actions of an agent are imputed to the principal for the purposes of personal jurisdiction. *See* § 38–1–16(A) ("Any person ... who in person or through an agent does any of the acts enumerated ... submits himself ... to the jurisdiction of the courts of this state."). "An agent is one authorized by another to act on his behalf and under his control." *Santa Fe Techs., Inc. v. Argus Networks, Inc.*, 2002-NMCA-030, ¶ 26, 131 N.M. 772, 782, 42 P.3d 1221, 1231.

To begin with, Plaintiff is not relying on an agency theory at all to establish personal jurisdiction. To illustrate: Plaintiff believes she has proven a prima facie case that "Flintco acted as Mr. Gunther's agent" in terminating her employment (*see* Doc. 41 at 4-5)—but that statement turns the theory on its head. New Mexico's long-arm statute provides that the actions of an agent are imputed to the principal for the purposes of personal jurisdiction:

---

[3] The Tenth Circuit has recognized that "a principal may be subject to the jurisdiction of the court because of the activities of its agent within the forum state," but this agency theory applies only when the agent's "acts are committed in the course of or within the scope of the agent's employment." *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 493–94 (10th Cir. 2012) (emphasis in original).

7

> A.  Any person, whether or not a citizen or resident of this state, who in person **or through an agent** does any of the acts enumerated in this subsection thereby submits himself or his personal representative to the jurisdiction of the courts of this state as to any cause of action arising from:
>
> (1) the transaction of any business within this state;
> . . . .
> (3) the commission of a tortious act within this state.

NMSA 1978, § 38–1–16(A)(1),(3), cited in *Santa Fe Techs., Inc.,* 131 N.M. 772.  Under an agency theory, the appropriate inquiry would be whether the actions of Mr. Gunther (the agent/employee) acted on behalf of Flintco (the principal/employer).  Instead, Plaintiff has gotten it backward, characterizing the employee as the principal and the employer as the agent.  *Id.* ("An agent is one authorized by another to act on his behalf and under his control.").

Plaintiff's agency theory as presented here can thus be summarily rejected because:

(1) there is no legal authority supporting an agency theory which imputes a *principal's* actions to those of an *agent*;

(2) even assuming such law existed somewhere, there is no evidence whatsoever in this case—even after jurisdictional discovery—that Flintco acted at Gunther's direction, under his control, or on his behalf.

The only matter remaining is for the Court to determine whether Defendant's motion to dismiss has any merit with the law correctly applied under an agency theory of personal jurisdiction.  In other words, the motion may be granted if there is no evidence that the "agent" (Mr. Gunther) established minimum contacts with the State of New Mexico.

**II.     Plaintiff Has Not Shown Adequate Contacts to Satisfy Due Process**

    A.     <u>Minimum Contacts</u>

The first due process requirement is a showing that the defendant has purposefully established minimum contacts within the forum state.  In considering whether specific jurisdiction exists, the Court considers only Mr. Gunther's contacts related to Plaintiff's employment with Flintco in New Mexico, since the cause of action arises from that employment. *See Packerware Corp. v. B & R Plastics, Inc*., 15 F.Supp.2d 1074, 1077 (D.Kan. 1998 (citing *Rambo v. American Southern Insurance Co*., 839 F.2d 1415, 1419 n. 6 (10th Cir.1988) (plaintiff's claim must be one which arises out of or results from the defendant's forum-related activities).

The facts related to these contacts are undisputed, and the Court lists some of them here:

- Gunther never visited New Mexico except one time when he made a presentation to a client regarding a potash mine in Hobbs, New Mexico and so this trip is unrelated to this lawsuit.

- Gunther was not employed by Flintco, but was employed by AIC. Doc. 12-1, Ex. A, ¶6.

- Gunther did not directly supervise Plaintiff.  He frequently worked with Plaintiff because she was involved in administrative tasks such as coordinating transportation and car sharing arrangements, but she directly reported to Miguel Bremer, a Gilbane employee. There is also evidence that Flintco had no input into the assignment of supervisors over staff that were sent into help ACI. That decision was left to GAJV. Doc. 40 (DeStefano Dep., at 20:1-5).[4]

- Gunther indirectly supervised Plaintiff at times.  For example, at Gunther's request, Plaintiff also worked on orientation materials for contractors and subcontracors and with GAJV charity work with orphanages in Mexico.

- All personal interactions with Plaintiff took place in Mexicali, Mexico, with the exception that there was some kind of trip involving Gunther and Plaintiff that did not involve travel to or within New Mexico. Doc. 12-1, Ex. A, ¶¶12, 13.

- It is likely that Gunther spoke to Plaintiff by phone or communicated by email or text on occasion when she was in New Mexico during the weeks she was "off" from the Mexico project, but these communications were minimal. Doc. 12-1, Ex. A, ¶13.

---

[4] Mr. Tony DeStefano is the vice president of human resources for Flintco and is the company's Rule 30(b)(6) witness. *See* Doc. 42 at 3.

The above "contacts" constitute a less-than-minimal connection with New Mexico and do not show that Mr. Gunther purposefully directed his activities at this state. His communications with Plaintiff while she was in New Mexico also do not reach a level that would satisfy due process requirements. *See Dental Dynamics*, 946 F.3d at 1231 (holding that exchange of many text messages with resident of forum state is not sufficient to establish minimum contacts); *Peterson v. Kennedy*, 771 F.2d 1244, 1262 (9th Cir. 1985) (internal citation omitted) (ordinarily, unless the contacts create a substantial connection with the forum, "the use of mails, telephone or other . . . communications do not qualify as purposeful activity invoking the benefits and protection of the forum state").

Defendant could not reasonably anticipate being haled into court here in New Mexico based on any of this level of minimum contacts. As a result, Plaintiff cannot make a showing of minimal contacts to satisfy due process and Defendant's motion may be granted on this basis alone.

      B.     <u>Fair Play and Substantial Justice</u>

Even if Plaintiff had presented additional evidence of Gunther's contacts with New Mexico, in order to fully satisfy due process requirements, Plaintiff must also show that the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. This she cannot do.

Gunther was not involved in hiring Plaintiff to work on the GAJV, but while in Mexico, he did participate in an informal meeting and evaluation of Plaintiff's work performance in March or April 2017. Gunther claims that the evaluation was "largely positive" and that it did not result or contribute to Plaintiff's termination. According to Gunther, during the informal meeting, he discussed specific complaints others had made regarding Plaintiff's job performance

on the project. That meeting did not result in discipline or adverse employment action as to Plaintiff. Doc. 41-1 at 3; Doc. 40-3, Ex. C at 48:1-6. Plaintiff characterizes the evaluation differently. She contends Gunther met with her "to encourage her to improve her work performance" only after she complained to Gunther about Mr. Strobbe's harassment and after she rebuffed Gunter's sexual advances.

However, these particular disputes are red herrings on the jurisdictional issue and are more relevant to the merits of the case. The only question before the Court at this time is whether Defendant's role—whether in evaluating Plaintiff's work performance or the alleged harassing conduct—sufficiently connects Gunther to this forum to allow this Court to exercise personal jurisdiction. The Court finds that it does not. Plaintiff does not rebut Gunther's jurisdictional facts with any evidence. She does not allege that she was harassed by Gunther in New Mexico, or that he retaliated against her in this state. Plaintiff's performance evaluation was conducted outside of New Mexico and concerned her work on a project in a foreign country, as was the informal meeting that led to the evaluation. It would offend basic notions of fair play and substantial justice to exercise personal jurisdiction over Gunther based on these facts.

Moreover, there are no facts suggesting that an agency relationship existed between Gunther and Flintco—even applying the theory in reverse, as Plaintiff is trying to do here. Plaintiff's agency theory is presumably this: (a) Gunther maneuvered Flintco into terminating Plaintiff in retaliation for rebuffing his sexual advances; (b) Flintco acted as Gunther's agent in including Plaintiff among the eleven employees who were terminated; and (c) since Flintco has a presence in New Mexico, personal jurisdiction would exist over Defendant. Aside from this scenario being legally non-sustainable, it is incredibly far-fetched and has no evidence at all to support it. *Cmp. Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488

(10th Cir. 2012) (personal jurisdiction over managing partner was insufficient to confer personal jurisdiction over joint venture under agency theory).  Plaintiff may suggest that Gunther foresaw that his actions in Mexico would have the effect of Plaintiff being terminated by Flintco, but that suggestion is insufficient to establish personal jurisdiction over Gunther. "The mere foreseeability of causing injury in another state is insufficient on its own to establish purposeful direction." *Dental Dynamics,* 946 F.3d at 1229.

Based on the factual record here, Plaintiff has not made a prima facie showing to establish personal jurisdiction over Gunther.

**THEREFORE,**

**IT IS ORDERED** that Defendant Gunther's Motion to Dismiss for Lack of Personal Jurisdiction **(Doc. 40)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE